

**WOOK HWANG**
Partner

345 Park Avenue
New York, NY  10154

| | |
|---|---|
| **Direct** | 212.407.4035 |
| **Main** | 212.407.4000 |
| **Fax** | 212.937.3847 |
| whwang@loeb.com | |

Via ECF and E-mail
(Failla_NYSDChambers@nysd.uscourts.gov)

August 8, 2017

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   _Hickey Freeman Tailored Clothing, Inc. v. Chargeurs, S.A. et al._, No. 1:17-cv-05754-KPF

Dear Judge Failla:

We represent Plaintiff Hickey Freeman Tailored Clothing, Inc. ("Hickey Freeman") in the above action.  Pursuant to Rule 4(a) of Your Honor's Individual Rules, we write in response to the August 3, 2017 submission [Dkt. No. 5] by defendants Chargeurs, S.A. ("Chargeurs"), Lainiere de Picardie BC SAS ("Lainiere France"), and Lainiere de Picardie Inc. ("Lainiere US") (collectively, the "Moving Defendants")[1] requesting a pre-motion conference in advance of their anticipated motion for partial dismissal of this action.

## Background

This action arises out of defendants' marketing and sale to Hickey Freeman of large quantities of defective "fusible interlining," a lining component used to reinforce and give uniform appearance to suits and other garments.  Chargeurs owns and controls the Chargeurs Fashion Technologies brand, under which Chargeurs and its direct and indirect subsidiaries, including Defendants Lainiere France, Lainiere US and Lainiere Textiles, manufacture, market and distribute fusible interlining to garment manufacturers like Hickey Freeman.  Contrary to representations made to Hickey Freeman, including at marketing meetings attended by representatives of the Moving Defendants, the Chargeurs fusible interlining marketed and sold to Hickey Freeman proved to be defective.  As a result, thousands of premium Hickey Freeman men's suits were damaged, and Hickey Freeman has suffered significant damages arising from return shipments from its customers, additional lost sales and profits, and substantial reputational harm and loss of goodwill.  The cause of the defect became clear months later, when a Chargeurs representative admitted to abandoning basic quality control measures with respect to its interlining, stating in a public address at a May 2017 industry event: "We very frequently face the situation where we just don't have time to test the interlining on the fabric… We don't have time—just the pure time—in the fashion industry flow to do our job properly."

Following unsuccessful attempts by Hickey Freeman to resolve this matter, Hickey Freeman commenced this action on June 23, 2017 in the Supreme Court of the State of New York, New

---

[1] Additional defendants in this action are Veratex Lining Ltd ("Veratex") and Lainiere de Picardie (Wujiang) Textiles Co. Ltd ("Lainiere Textiles").

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



York County, asserting five (5) claims: (1) breach of contract/implied covenant of good faith and fair dealing, against all defendants; (2) breach of express warranty, against all defendants; (3) breach of the implied warranty of merchantability and fitness, against all defendants; (4) strict products liability, against the Moving Defendants and their affiliate Lainiere Textiles; and (5) negligence, against the Moving Defendants and their affiliate Lainiere Textiles.  This action was removed to this Court pursuant to Notice of Removal [Dkt. No. 1] filed on July 28, 2017.

By their pre-motion letter, the Moving Defendants state their intent to seek partial dismissal of this action as follows: (i) pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of the first (breach of contract) and second (breach of express warranty) claims as against the Moving Defendants for failure to allege contractual privity; and (2) pursuant to Fed. R. Civ. P. 12(b)(5), dismissal of Chargeurs and Lainiere France from this action (but not Lainiere US) for insufficient service of process.  Hickey Freeman submits that both of these arguments lack merit, and would fail.

**The Moving Defendants' Anticipated Motion Pursuant to Rule 12(b)(5) Is Meritless**

Second Circuit and New York law are settled that service upon a foreign corporation may be made by direct mailing pursuant to Article 10(a) of the Hague Convention, "[p]rovided the State of destination does not object."  *See, e.g., Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986); *Mutual Benefits Offshore Fund v. Zeltser*, 140 A.D.3d 444, 445 (1st Dep't 2016) ("service of process by mail 'directly to persons abroad' is authorized by article 10(a) of the Hague Convention … so long as the destination state does not object to such service").  There is no dispute that Chargeurs and Lainiere France have received process by direct mailing, nor could there be.  (*See* Affidavits of Service on Chargeurs and Lainiere France, attached as <u>Exhibits 1 and 2</u> hereto).  The Moving Defendants instead contend that France has objected to service by mailing, relying solely on an undisclosed "legal opinion" that Moving Defendants have declined to share, on grounds of potential "privilege," and that purportedly proves France's claimed objection under Article 10(a) of the Hague Convention.  [Dkt. No. 5, at fn 3].

Whatever the content of this legal opinion, the Moving Defendants are wrong.  The official website for the Hague Conference on Private International Law shows that France has lodged "[n]o opposition" to service by mail pursuant to Article 10(a).  (Available at https://www.hcch.net/en/states/authorities/details3/?aid=256).  Decisions across federal jurisdictions have reached the same conclusion.  *See, e.g., Mones v. Commer. Bank of Kuwait*, 502 F. Supp. 2d 363, 370 n.36 (S.D.N.Y. 2007) ("France had not objected to Article 10(a) . . . and therefore mail was an acceptable method of service"); *Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 50 (D.D.C. 2013) (stating that France and several other countries "are signatories to the Convention and none of them object to service via international mail under Article 10(a)").  Nor is there any merit to the Moving Defendants' contention that Hickey Freeman was required to translate the Summons and Complaint into the French language prior to service.  "[I]t is well-settled that the translation requirement … is triggered *only* when it is the Central Authority that serves the document" and that "[t]here is . . . *no* similar requirement. . . for translation when service is effected by direct mail under Article 10."  *Heredia v. Transport S.A.S.*, Inc., 101 F. Supp. 2d 158, 161 (S.D.N.Y. 2000) (emphasis added).

Even if service were somehow invalid (it was not), there is no question that Hickey Freeman may complete service now pursuant to Fed. R. Civ. P. 4.  *See* 28 U.S.C. § 1448 (where service of process has not been completed prior to removal, "such process or service may be completed or new process issued in the same manner as in cases originally filed in such district



court.").  There is no time limit for such service, *see* Fed. R. Civ. P. 4(m) (providing that 90-day time limit "does not apply to service in a foreign country"), and in any event dismissal based on insufficiency of service must be "without prejudice."  *Id.*  Under these circumstances, and particularly in light of the fact that Chargeurs and Lainiere France have indisputably received and signed for delivery of process (*see* Exs. 1 and 2), the only purpose of any motion based on purported insufficiency of service would be to delay this action and, we submit, would constitute a significant waste of the parties' and the Court's resources.

### The Moving Defendants' Anticipated Motion Pursuant to Rule 12(b)(6) Is Meritless

Moving Defendants need not have been a party to the purchase order contract with Hickey Freeman for there to have been contractual privity.  Under New York law, a contract may bind a non-party where, as here, it was signed by the non-party's agent.  *See Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 103 (2d Cir. 1985); *Glob. Entm't, Inc. v. N. Y. Tel. Co.*, No. 00-cv-2959, 2000 U.S. Dist. LEXIS 16038, at *22 (S.D.N.Y. Nov. 6, 2000).  As Hickey Freeman has alleged, the Moving Defendants represented that Veratex was their authorized agent, and Veratex held itself out as such, for the purposes of entering into the purchase order contract with Hickey Freeman.  (Compl. ¶¶ 3, 13, 24, 25-29, 33-34, 41).  These allegations are more than sufficient to state a claim for breach of contract against the Moving Defendants.[2]  Indeed, Veratex itself has asserted Cross-Claims against the Moving Defendants for contractual and common law indemnification with respect to any damages awarded to Hickey Freeman on its first and second claims.  (Veratex Answer and Cross-Claims [Dkt. No. 9] ¶¶ 104-107).

In any event, contractual privity is *not* required for express warranty claims where, as here, the plaintiff seeks economic losses.  *See Mahoney v. Endo Health Solutions, Inc.*, 2016 U.S. Dist. LEXIS 94732, at *16-18 (S.D.N.Y. July 20, 2016) (collecting cases); *see also Prue v. Fiber Composites, LLC*, 2012 U.S. Dist. LEXIS 54027, at *26 (E.D.N.Y. Apr. 17, 2012) ("New York courts recognize that privity of contract is not required to state a claim of breach of express warranties...") (alteration omitted).

### Hickey Freeman Respectfully Requests a Rule 16 Conference

Hickey Freeman respectfully respects that a Rule 16 conference be scheduled for a date in September, at the Court's convenience, so that discovery in this action may proceed.  The Federal Rules of Civil Procedure do not provide for a stay of discovery on the filing of a dispositive motion, and Your Honor's rules are clear that "[t]he submission of a pre-motion letter does not stay any future deadlines."  Moreover, irrespective of the merits of the Moving Defendants' anticipated motion, it would be a motion for partial dismissal only, and claims against Lainiere US and Veratex would remain.  Accordingly, Hickey Freeman submits that discovery should be permitted to proceed.

---

[2] *See, e.g., N.Y. Metro Peterbilt, Inc. v. Peterbilt Motors Co.*, 2015 U.S. Dist. LEXIS 40582, at *21-22 (E.D.N.Y. Mar. 30, 2015) (denying summary judgment motion seeking dismissal of contract claim against non-signatory, where reasonable factfinder could find that it authorized signatory to act on its behalf); *Alterseekers, Inc. v. BrandForce SF, LLC*, 2015 U.S. Dist. LEXIS 131682 (E.D.N.Y. Sept. 29, 2015) ("[t]he question of whether or not an agency relationship exists that is sufficient to bind the principal for the acts of the agent is very fact-specific" and holding "that plaintiff has sufficiently pleaded a cause of action for agency liability").



Hon. Katherine Polk Failla
August 8, 2017
Page 4

Respectfully submitted,

*/s/ Wook Hwang*

Wook Hwang
Partner

Enclosures

cc:      All counsel (via ECF)

# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
--------------------------------------------------------X
                       :

HICKEY FREEMAN TAILORED        :
CLOTHING, INC.,                   :
                       :

         Plaintiff,           :    Index No. 654457/2017
                       :

        -against-          :
                       :    **AFFIDAVIT OF SERVICE**

CHARGEURS, S.A., LAINIÉRE DE    :
PICARDIE BC SAS, LAINIÉRE DE    :
PICARDIE INC., LAINIÉRE DE PICARDIE  :
(WUJIANG) TEXTILES CO. LTD, AND   :
VERATEX LINING LTD,         :
                       :

        Defendants.      :
--------------------------------------------------------X

STATE OF NEW YORK   )
                  )   SS.
COUNTY OF NEW YORK  )

       **FRANK D. D'ANGELO**, being duly sworn, deposes and says:

       1.     I am not a party to this action and am over 18 years of age.

       2.     I am associated with the law firm Loeb & Loeb LLP, attorneys for plaintiff

Hickey Freeman Tailored Clothing, Inc. in this action.

       3.     On June 28, 2017, I served a copy of the summons and complaint in this action,

along with notice that the same would be filed with the New York State Secretary of State, upon

defendant Chargeurs, S.A. by transmitting a copy of those papers by international postal mail

with return receipt requested, and Federal Express International Priority with proof of delivery

requested, to the address on file with the French Registries of the Commercial Courts and

displayed on the Chargeurs website: 112 Avenue Kléber, 75116 Paris, France. A copy of the

cover letter accompanying the summons and complaint is attached hereto as **Exhibit A**.

4.     On July 3, 2017, defendant Chargeurs, S.A. received a copy of the summons and complaint and notice of filing with the New York State Secretary of State at the above-referenced address, as reflected by the Federal Express proof of delivery form attached hereto as **Exhibit B**.

5.     On June 29, 2017, a copy of the summons and complaint were served upon defendant Chargeurs, S.A. through the New York State Secretary of State by process server, as set forth in the Affidavit of Service attached hereto as **Exhibit C**.

6.     By virtue of the foregoing, defendant Chargeurs, S.A. has been served pursuant to Section 307 of the Business Corporation Law and Article 10(a) of the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (i.e., the Hague Convention).

Frank D. D'Angelo, Esq.

Sworn to before me this
6th Day of July, 2017

Notary Public

13566784

TIMOTHY B. CUMMINS
Notary Public, State of New York
No. 01CU6113096
Qualified in New York County
Commission Expires July 19, 2020

2

# EXHIBIT A



**FRANK D. D'ANGELO**
Attorney At Law

345 Park Avenue
New York, NY 10154

| **Direct** | 212.407.4189 |
| **Main** | 212.407.4000 |
| **Fax** | 212.504.3264 |

fdangelo@loeb.com

Via International Postal Mail (return receipt requested)
and FedEx Priority International (signature requested)

June 28, 2017

Chargeurs, S.A.
112 Avenue Kléber
75116 Paris
France

Re:   Hickey Freeman Tailored Clothing, Inc. v. Chargeurs, S.A., et al., Index No. 654457/2017
       (N.Y. Supreme Court)

Dear Sir or Madam:

We represent Plaintiff Hickey Freeman Tailored Clothing, Inc. in the above-referenced litigation, which was filed in the Supreme Court of the State of New York, County of New York, on June 23, 2017 against Defendants Chargeurs, S.A., Lainiére de Picardie BC SAS, Lainière de Picardie Inc., Lainiére de Picardie (Wujiang) Textiles Co. Ltd, and Veratex Lining Ltd.

Enclosed, please find copies of the Summons and Complaint in this litigation, which are being served upon Chargeurs, S.A. at the address above pursuant to Article 10(a) of the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (*i.e.*, the Hague Convention). Copies of the Summons and Complaint are also being filed with the New York State Department of State. We are also enclosing herewith a Notice of Commencement of Action Subject to Mandatory Electronic Filing, which provides details regarding the filing of documents in this litigation in electronic form.

Sincerely,

Frank D. D'Angelo
Attorney At Law

cc:    William Stassen, Fox Rothschild LLP (via email)

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

# EXHIBIT B



July 5, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **787029276537**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | A.JESSICA | Delivery location: | 112 AVENUE KLEBER |
| | | | PARIS 75116 |
| Service type: | FedEx International Priority | Delivery date: | Jul 3, 2017 10:06 |
| Special Handling: | Deliver Weekday | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 787029276537 | Ship date: | Jun 28, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
CHARGEURS, S.A.
CHARGEURS, S.A.
112 AVENUE KLEBER
PARIS 75116 FR

Shipper:
FRANK D'ANGELO
LOEB   LOEB LLP
345 PARK AVE
NEW YORK, NY 10154 US

Reference

222114/CONF/12635

Thank you for choosing FedEx.

# EXHIBIT C



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------X,
HICKEY FREEMAN TAILORED
CLOTHING, INC.,

                    Plaintiff(s),                              Index No. 654457/2017
    -against-                                                      Filed 6/16/17
                                                              AFFIDAVIT OF SERVICE
CHARGEURS, S.A., LAINIERE DE
PICARDIE BC SAS, et al.,

                    Defendant(s),
------------------------------------------------X
STATE OF NEW YORK    )
                     ) S.S.:
COUNTY OF ALBANY     )

            DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of

eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this action.

            That on the 29TH day of June, 2017, at approximately the time of 11:00A.M., at the office

of the Secretary of State, of the State of New York in the City of Albany, deponent served the

SUMMONS AND COMPLAINT AND NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO

MANDATORY ELECTRONIC FILING upon CHARGEURS, S.A., in this action, by delivering to and

leaving with NANCY DOUGHERY an agent of the Secretary of State, of the State of New York, one (1)

true copy thereof and at that time of making such service deponent paid said Secretary of State a fee of

forty dollars. That said service was made pursuant to Section, 307 Business Corporation Law.

            Deponent further says that she knew the person so served as aforesaid to be the individual

in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of

said defendant.

            · NANCY DOUGHERTY is a white female, approximately 60 years of age, stands

approximately 5 feet 2 inches tall, weighs approximately 120 pounds with brown hair.

                                            _____
                                            DEBORAH LaPOINTE

Sworn to before me this
29TH day of June, 2017

_____
NOTARY PUBLIC

D.L.S., Inc.
100 State Street
Ste. 220
Albany, NY 12207
518-449-8411
www.dlsnational.com

                                            FRANK J. PANUCCI
                                    NOTARY PUBLIC, STATE OF NEW YORK
                                            NO. 01PA4721156
                                    QUALIFIED IN ALBANY COUNTY
                                    COMMISSION EXPIRES JULY 31, 20___

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------X
                                        :

HICKEY FREEMAN TAILORED        :
CLOTHING, INC.,

                                        :

              Plaintiff,           :    Index No. 654457/2017

                                          :

          -against-           :

                                         :    **AFFIDAVIT OF SERVICE**

CHARGEURS, S.A., LAINIÉRE DE      :
PICARDIE BC SAS, LAINIÉRE DE      :
PICARDIE INC., LAINIÉRE DE PICARDIE  :
(WUJIANG) TEXTILES CO. LTD, AND   :
VERATEX LINING LTD,              :

                                         :

          Defendants.        :

--------------------------------------------------------X

STATE OF NEW YORK   )
                       )    SS.
COUNTY OF NEW YORK  )

       **FRANK D. D'ANGELO**, being duly sworn, deposes and says:

       1.      I am not a party to this action and am over 18 years of age.

       2.      I am associated with the law firm Loeb & Loeb LLP, attorneys for plaintiff

Hickey Freeman Tailored Clothing, Inc. in this action.

       3.      On June 28, 2017, I served a copy of the summons and complaint in this action,

along with notice that the same would be filed with the New York State Secretary of State, upon

defendant Lainiére de Picardie BC SAS by transmitting a copy of those papers by international

postal mail with return receipt requested, and Federal Express International Priority with proof of

delivery requested, to the address on file with the French Registries of the Commercial Courts

and other publicly available business registries: 2 Rue de Péronne, 80200 Buire-Courcelles,

France. A copy of the cover letter accompanying the summons and complaint is attached hereto as **Exhibit A**.

4. On July 3, 2017, defendant Lainiére de Picardie BC SAS received a copy of the summons and complaint and notice of filing with the New York State Secretary of State at the above-referenced address, as reflected by the Federal Express proof of delivery form attached hereto as **Exhibit B**.

5. On June 29, 2017, a copy of the summons and complaint were served upon defendant Lainiére de Picardie BC SAS through the New York State Secretary of State by process server, as set forth in the Affidavit of Service attached hereto as **Exhibit C**.

6. By virtue of the foregoing, defendant Lainiére de Picardie BC SAS has been served pursuant to Section 307 of the Business Corporation Law and Article 10(a) of the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (i.e., the Hague Convention).

Frank D. D'Angelo, Esq.

Sworn to before me this
6th Day of July, 2017

Notary Public

13567146

TIMOTHY B. CUMMINS
Notary Public, State of New York
No. 01CU6113096
Qualified in New York County
Commission Expires July 19, 2020

2

# EXHIBIT A



**FRANK D. D'ANGELO**
Attorney At Law

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4189
**Main** 212.407.4000
**Fax** 212.504.3264
fdangelo@loeb.com

Via International Postal Mail (return receipt requested)
and FedEx Priority International (signature requested)

June 28, 2017

Lainiére de Picardie BC SAS
2 Rue de Péronne
80200 Buire-Courcelles
France

Re:  Hickey Freeman Tailored Clothing, Inc. v. Chargeurs, S.A., et al., Index No. 654457/2017
(N.Y. Supreme Court)

Dear Sir or Madam:

We represent Plaintiff Hickey Freeman Tailored Clothing, Inc. in the above-referenced litigation, which was filed in the Supreme Court of the State of New York, County of New York, on June 23, 2017 against Defendants Chargeurs, S.A., Lainiére de Picardie BC SAS, Lainiére de Picardie Inc., Lainiére de Picardie (Wujiang) Textiles Co. Ltd, and Veratex Lining Ltd.

Enclosed, please find copies of the Summons and Complaint in this litigation, which are being served upon Lainiére de Picardie BC SAS at the address above pursuant to Article 10(a) of the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (i.e., the Hague Convention). Copies of the Summons and Complaint are also being filed with the New York State Department of State. We are also enclosing herewith a Notice of Commencement of Action Subject to Mandatory Electronic Filing, which provides details regarding the filing of documents in this litigation in electronic form.

Sincerely,

Frank D. D'Angelo
Attorney At Law

cc:   William Stassen, Fox Rothschild LLP (via email)

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

4 of 8

# EXHIBIT B



July 5, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **787029249420**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | L.AINIERE | Delivery location: | 2 RUE DE PERONNE |
| | | | BUIRE-COURCELLES 80200 |
| Service type: | FedEx International Priority | Delivery date: | Jul 3, 2017 11:35 |
| Special Handling: | Deliver Weekday | | |

NO SIGNATURE IS AVAILABLE
FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment. Please check again later for a signature.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 787029249420 | Ship date: | Jun 28, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

| | |
|---|---|
| Recipient: | Shipper: |
| LAINIERE DE PICARDIE BC SAS | FRANK D'ANGELO |
| LAINIERE DE PICARDIE BC SAS | LOEB  LOEB LLP |
| 2 RUE DE PERONNE | 345 PARK AVE |
| BUIRE-COURCELLES 80200 FR | NEW YORK, NY 10154 US |
| Reference | 222114/CONF/12635 |

Thank you for choosing FedEx.

# EXHIBIT C



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------X,

HICKEY FREEMAN TAILORED
CLOTHING, INC.,

           **Plaintiff(s),**

 -against-

CHARGEURS, S.A., LAINIERE DE
PICARDIE BC SAS, et al.,

          **Defendant(s),**

-------------------------------------------------X

Index No. 654457/2017
Filed 6/16/17
**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                 ) S.S.:
COUNTY OF ALBANY  )

        DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of

eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this action.

        That on the 29TH day of June, 2017, at approximately the time of 11:00A.M., at the office

of the Secretary of State, of the State of New York in the City of Albany, deponent served the

SUMMONS AND COMPLAINT AND NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO

MANDATORY ELECTRONIC FILING upon LAINIERE DE PICARDIE BC SAS, in this action, by

delivering to and leaving with NANCY DOUGHERY an agent of the Secretary of State, of the State of

New York, one (1) true copy thereof and at that time of making such service deponent paid said Secretary

of State a fee of forty dollars. That said service was made pursuant to Section, 307 Business Corporation

Law.

        Deponent further says that she knew the person so served as aforesaid to be the individual

in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of

said defendant.

        NANCY DOUGHERTY is a white female, approximately 60 years of age, stands

approximately 5 feet 2 inches tall, weighs approximately 120 pounds with brown hair.

D.L.S., Inc.
100 State Street
Ste. 220
Albany, NY 12207
518-449-8411
www.dlsnational.com

_____
DEBORAH LaPOINTE

Sworn to before me this
29TH day of June, 2017

_____
NOTARY PUBLIC

FRANK J. PANUCCI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA4721156
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES JULY 31, 20 18